Affirmed and Memorandum Opinion filed January 27, 2004














Affirmed and
Memorandum Opinion filed January 27, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-02-01260-CV

_______________

 

HENRY P. MASSEY, Appellant

 

V.

 

DONALD R. ROYALL AND THE ROYALLS, A.P.C., Appellees

___________________________________________________

 

On Appeal from the 55th District Court

Harris County, Texas

Trial Court
Cause No. 95-48091

___________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            In this legal malpractice action,[1]
Henry P. Massey appeals a take-nothing summary judgment in favor of Donald R. Royall and the Royalls, A.P.C.
(collectively, “Royall”) on various grounds.  We affirm.

            Massey’s first issue is “Was it or
is it an abuse of discretion when previous attorney misplaces the letters
between [the parties].”  However, because
this issue is incomprehensible and not supported by citation to authorities or
the record,[2] it
presents nothing for our review and is overruled.

            Massey’s second issue contends that
material facts had not been litigated. 
However, Massey’s brief does not identify any such fact issues or
explain how they were raised, but supports this issue only by providing the
page numbers of some 100 pages of the clerk’s record.  A brief must contain a clear and concise argument
for the contentions made.  Tex. R. App. P. 38.1(h).  Citations to the record must be provided to
substantiate such arguments, but do not take their place.  See id.  Because Massey’s second issue thus affords no
basis for relief, it is overruled.

            Massey’s third issue states that the
trial court’s own docket control order provides for continued discovery and
time to modify the expert opinion. 
However, Massey cites no authority prohibiting a summary judgment from
being granted while discovery or development of expert opinions is
ongoing.  Rather, if a party contends
that it has not had adequate opportunity for discovery before a summary
judgment hearing, it must either file an affidavit explaining the need for
further discovery or a verified motion for continuance.[3]  Because Massey made no such showing in this
case, this contention presents nothing for our review and is overruled.

            Massey also contends that the docket
control order prohibits motions for summary judgment from being set before December 30, 2002 whereas
the summary judgment being appealed was signed on November 8, 2002.  However, the record does not reflect that
Massey raised this issue in the trial court in his summary judgment responses
or otherwise.  Therefore, it presents
nothing for our review.  See Tex.
R. Civ. P. 166a(c).

            In addition, the docket control
order states that “If no date is given [in the order], the item is governed by
the Texas Rules of Civil Procedure.”  The
relevant portion of the order then provides:

7.                     DISPOSITIVE
MOTIONS AND PLEAS.  Must be set for
hearing or submission as follows:

(a)                   Dispositive motions or pleas subject to an interlocutory
appeal must be set by this date.

(b) 12/30/02  Summary judgment motions not subject to an
interlocutory appeal must be set by this date.

(c)                   Rule
166a(i) motions may not be set before this date.

            Massey apparently interprets the 12/30/02 date inserted for item (b)
as also applying to item (c).  However,
each of these items, (a), (b), and (c) is distinct, and the absence of a date
next to item (c) indicates that no date was set.[4]  Therefore, the docket control order did not
provide a time before which no-evidence motions for summary judgment could not
be set, Massey’s third issue is overruled, and the judgment of the trial court
is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 27, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

 

 











[1]           Royall
represented Massey in a divorce action.





[2]           See Tex. R. App. P. 38.1(h).





[3]           Tenneco
Inc. v. Enter. Prods. Co., 925
S.W.2d 640, 647 (Tex. 1996).





[4]           Nor is there any apparent reason
that the same date would have been selected as the latest time for setting summary judgment motions subject to
interlocutory appeal but the earliest
time for setting no-evidence motions for summary judgment.